UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RONALD MACK a/k/a JOHN JACOBS,

                                     Plaintiff,

                -against-

THE CITY OF YONKERS, P.O. STACEY MARELLO
(f/k/a/ P.O. STACEY SMITH), P.O. NICHOLAS
SERVIDIO, LT. "JOHN" MINNERLY, SGT. ROBERT
SAWCHUCK, SGT. "JOHN" BLADEL, P.O. "JOHN"
DIDONATO, P.O. T. WALKER, P.O. STEPHEN
WALLIN, P.O. WAYNE SIMOES, P.O. "JOHN"
CENTUORI, P.O. "JOHN" GALINDO, P.O. D.
BORRELLI, P.O. H. CARTEGENA, and P.O.s  JOHN and
JANE DOE #1-10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                     Defendants.

------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

08 Civ. 1150

**JURY TRIAL DEMANDED**

      Plaintiff RONALD MACK a/k/a JOHN JACOBS, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff RONALD MACK a/k/a JOHN JACOBS is an African-American male, a citizen of the United States, and at all relevant times a resident of the City of Yonkers and the State of New York.

7. Defendant THE CITY OF YONKERS was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF YONKERS maintains the Yonkers Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of Yonkers.

9. That at all times hereinafter mentioned, the individually named defendants P.O. STACEY MARELLO (f/k/a/ P.O. STACEY SMITH), P.O. NICHOLAS SERVIDIO, LT. "JOHN" MINNERLY, SGT. ROBERT SAWCHUCK, SGT. "JOHN" BLADEL, P.O. "JOHN" DIDONATO, P.O. T. WALKER, P.O. STEPHEN WALLIN, P.O. WAYNE SIMOES, P.O. "JOHN" CENTUORI, P.O. "JOHN" GALINDO, P.O. D. BORRELLI, P.O. H. CARTEGENA, and P.O.s JOHN and JANE

DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the City of Yonkers.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF YONKERS.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF YONKERS.

## FACTS

13. On July 16, 2005, at approximately 12:30 a.m., plaintiff RONALD MACK a/k/a JOHN JACOBS was lawfully present in the vicinity of 2 Schroeder Street, in the City of Yonkers, in the County of Westchester, in the State of New York.

14. At aforesaid time and place, plaintiff was suddenly accosted by members of the Yonkers Police Department.

15. Defendants beat plaintiff severely with fists, knees, feet, and hard objects.

16. As a result of this unprovoked assault, plaintiff sustained, *inter alia*, injuries to his scalp and forehead that required more than 60 sutures.

17. As a result of the foregoing, plaintiff sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "17" with the same force and effect as if fully set forth herein.

19.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

20.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

22.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Yonkers and the Yonkers Police Department, all under the supervision of ranking officers of said department.

23.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

26.     As a result of the aforementioned conduct of defendants, plaintiff was subjected to excessive force and sustained severe physical injuries.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

29. The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

30. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to excessive force and sustained severe physical injuries.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. The aforementioned customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department included, but were not limited to using excessive force while taking individuals into custody.

34. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct including, but not limited to, brutal attacks

by Yonkers Police Department officers upon Dedan Wilson, Kenneth Fober, Ger-Shun Neely, Dara Massey, Irma Marquez, Joseph Srikishun, and Eric Brown.

35. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the investigation currently being conducted by the United States Department of Justice.

36. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department constituted deliberate indifference to plaintiff's safety, well-being and constitutional rights.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

39. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department, plaintiff was unlawfully subjected to excessive force.

40. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

41. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to have excessive force imposed upon him;

    B.  Not to have cruel and unusual punishment imposed upon him; and

    C.  To receive equal protection under the law.

42. As a result of the foregoing, plaintiff RONALD MACK a/k/a JOHN JACOBS is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

**WHEREFORE**, plaintiff RONALD MACK a/k/a JOHN JACOBS demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
     June 30, 2008

                     /s
                    ROSE M. WEBER (RW 0515)
                    225 Broadway, Suite 1607
                    New York, NY 10007
                    (212) 748-3355