FILE

FRANK J. RUBINO
Corporation Counsel of the City of Yonkers
Attorney for Defendants
City Hall, Room 300
Yonkers, New York 10701
(914) 377-6260
By: Raymond P. Schmidt (RS1713)
Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD MACK a/k/a JOHN JACOBS,

|                                          |                                          |
|------------------------------------------|------------------------------------------|
|                    Plaintiff,            | **AMENDED** <br> **ANSWER**              |
|  -against-                               | 08 CIV 1150 <br> (CM)                    |

THE CITY OF YONKERS, P.O. STACEY MARELLO
(f/k/a P.O. STACEY SMITH), P.O. NICHOLAS
SERVIDIO, LT. "JOHN" MINNERLY, SGT. ROBERT
SAWCHUCK, SGT. "JOHN" BLADEL, P.O."JOHN"
DIDONATO, P.O. WAYNE SIMOES, P.O. "JOHN"
CENTUORI, P.O."JOHN" GALINDO, P.O. D.
BORRELLI, P.O. H. CARTEGENA, and P.O.s JOHN and
JANE DOE #1-10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                    Defendants.
------------------------------------------------------------------X

        Defendants, THE CITY OF YONKERS and P.O. STACEY MARELLO

(f/k/a P.O. STACEY SMITH), P.O. NICHOLAS SERVIDIO, LT. "JOHN" MINNERLY,

SGT. ROBERT SAWCHUCK, SGT. "JOHN" BLADEL, P.O."JOHN" DIDONATO,

P.O. WAYNE SIMOES, P.O. "JOHN" CENTUORI, P.O."JOHN" GALINDO, P.O. D.

BORRELLI, and P.O. H. CARTEGENA, by their attorney FRANK J. RUBINO,

Corporation Counsel for the City of Yonkers, as and for their Answer to the Complaint

respectfully allege as follows:

1

FIRST:    Deny the allegations set forth in the paragraph designated "1" of the Complaint; except those portions containing conclusions of law which accordingly require no response; and except admit that plaintiff purports to proceed as stated therein.

SECOND:    Deny the allegations set forth in the paragraph designated "2" of the Complaint and respectfully refer all questions of law to the Court.

THIRD:    Deny the allegations set forth in the paragraph designated "3" of the Complaint and respectfully refer all questions of law to the Court.

FOURTH:    Deny the allegations set forth in paragraph designated "4" of the Complaint and respectfully refer all questions of law to the Court.

FIFTH:    Deny the allegations set forth in the paragraph designated as "5" of the Complaint; except admit that plaintiff purports to demand a trial by jury and respectfully refer all questions of law to the Court.

SIXTH:    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "6" of the Complaint.

SEVENTH:    Admit inasmuch as the City of Yonkers is a municipal corporation duly organized and existing under the laws of the State of New York.

EIGHTH:    Deny the allegations set forth in the paragraph designated as "8" of the Complaint; except admit that that the Yonkers Police Department is a department of the City of Yonkers and respectfully refer all questions of law to the Court.

NINTH:    Deny the allegations set forth in the paragraph designated as "9" of the Complaint; except admit that P.O. STACEY MARELLO is an employee of the City of Yonkers and respectfully refer all questions of law to the Court.

TENTH:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "10" of the Complaint and respectfully refer all questions of law to the Court.

ELEVENTH:  Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "11" of the Complaint and respectfully refer all questions of law to the Court.

TWELFTH:    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "12" of the Complaint and respectfully refer all questions of law to the Court.

THIRTEENTH:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "13" of the Complaint and respectfully refer all questions of law to the Court.

FOURTEENTH:    Deny the allegations set forth in the paragraph designated as "14" of the Complaint.

FIFTEENTH:    Deny the allegations set forth in the paragraph designated as "15" of the Complaint.

SIXTEENTH:    Deny the allegations set forth in the paragraph designated as "16" of the Complaint.

SEVENTEENTH:    Deny the allegations set forth in the paragraph designated as "17" of the Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

EIGHTEENTH:    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph

designated "18" of the Complaint with the same force and effect as though fully set forth herein at length.

NINETEENTH:    Deny the allegations set forth in the paragraph designated as "19" of the Complaint and respectfully refer all questions of law to the Court.

TWENTIETH:    Deny the allegations set forth in the paragraph designated as "20" of the Complaint and respectfully refer all questions of law to the Court.

TWENTY-FIRST:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "21" of the Complaint and respectfully refer all questions of law to the Court.

TWENTY-SECOND:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph designated as "22" of the Complaint and respectfully refer all questions of law to the Court.

TWENTY-THIRD:    Deny the allegations set forth in the paragraph designated as "23" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING THE SECOND CLAIM FOR RELIEF

TWENTY-FOURTH:    Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "24" of the Complaint with the same force and effect as though fully set forth herein at length.

TWENTY-FIFTH:    Deny the allegations set forth in the paragraph designated as "25" of the Complaint and respectfully refer all questions of law to the Court.

TWENTY-SIXTH:    Deny the allegations set forth in the paragraph designated as "26" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING THE THIRD CLAIM FOR RELIEF

TWENTY-SEVENTH:       Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "27" of the Complaint with the same force and effect as though fully set forth herein at length.

TWENTY-EIGHTH: Deny the allegations set forth in the paragraph designated as "28" of the Complaint and respectfully refer all questions of law to the Court.

TWENTY-NINTH:    Deny the allegations set forth in the paragraph designated as "29" of the Complaint and respectfully refer all questions of law to the Court.

THIRTIETH:    Deny the allegations set forth in the paragraph designated as "30" of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

THIRTY-FIRST:       Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "31" of the Complaint with the same force and effect as though fully set forth herein at length.

THIRTY-SECOND:    Deny the allegations set forth in the paragraph designated as "32" of the Complaint, and respectfully refer all questions of law to the Court.

THIRTY-THIRD:     Deny the allegations set forth in the paragraph designated as "33" of the Complaint and respectfully refer all questions of law to the Court.

THIRTY-FOURTH:    Deny the allegations set forth in the paragraph designated as "34" of the Complaint and respectfully refer all questions of law to the Court.

THIRTY-FIFTH:    Deny the allegations set forth in the paragraph designated as "35" of the Complaint and respectfully refer all questions of law to the Court.

THIRTY-SIXTH:    Deny the allegations set forth in the paragraph designated as "36" of the Complaint and respectfully refer all questions of law to the Court.

THIRTY-SEVENTH: Deny the allegations set forth in the paragraph designated as "37" of the Complaint and respectfully refer all questions of law to the Court.

THIRTY-EIGHTH:    Deny the allegations set forth in the paragraph designated as "38" of the Complaint and respectfully refer all questions of law to the Court.

THIRTY-NINTH:    Deny the allegations set forth in the paragraph designated as "39" of the Complaint and respectfully refer all questions of law to the Court.

FORTIETH:    Deny the allegations set forth in the paragraph designated as "40" of the Complaint and respectfully refer all questions of law to the Court.

FORTY-FIRST:    Deny the allegations set forth in the paragraph designated as "41" of the Complaint and respectfully refer all questions of law to the Court.

FORTY-SECOND:    Deny the allegations set forth in the paragraph designated as "42" of the Complaint and respectfully refer all questions of law to the Court.

FORTY-THIRD:    Deny all allegations in the "Wherefore" portion of the Complaint, except those conclusions of law which accordingly require no response; and except admit that Plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST DEFENSE

FORTY-FOURTH:    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

FORTY-FIFTH:      Plaintiff's claims are barred by the applicable statute of limitations governing the commencement of actions.

## AS AND FOR A THIRD DEFENSE

FORTY-SIXTH:      That if any physical force was used to effect the arrest of the Plaintiff, only such physical force was used to the extent it was reasonably believed to be necessary to effect the arrest of the plaintiff, whom the arresting officer reasonably believed to have committed an offense.

## AS AND FOR A FOURTH DEFENSE

FORTY-SEVENTH:  That the Plaintiff's arrest and prosecution were not effectuated falsely, maliciously, or without probable cause.  On the contrary, there was reasonable and just cause for believing the Plaintiff guilty of a criminal act and in arresting and prosecuting the Plaintiff, the Defendant, CITY OF YONKERS, was not actuated by malice nor were any of its agents, servants and/or employees so actuated.

## AS AND FOR A FIFTH DEFENSE

FORTY-EIGHTH:      The Defendant's actions were in good faith and for good cause, including but not limited to, legitimate, rational and appropriate governmental interests.

## AS AND FOR A SIXTH DEFENSE

FORTY-NINTH:      Any injuries and damages to the Plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the Plaintiff.

## AS AND FOR A SEVENTH DEFENSE

FIFTIETH:     At all times relevant to the Complaint, Defendants have been in compliance with the requirements of all laws cited by the Complaint.

### AS AND FOR AN EIGHTH DEFENSE

FIFTY-FIRST:     The individual Defendants are entitled to the defense of qualified immunity.

**WHEREFORE,** defendants request judgment dismissing the Complaint with prejudice in its entirety together with costs, disbursements, attorneys' fees and any other relief this Court deems just and proper.

Dated: Yonkers, New York
     August 4, 2008

               Yours, etc.,
               FRANK J. RUBINO
               Corporation Counsel of the City of Yonkers
               Attorney for Defendants
               City Hall, Room 300
               Yonkers, New York 10701
               (914) 377-6260

               By: _____
               RAYMOND P. SCHMIDT (RS1713)
               Assistant Corporation Counsel

TO:    ROSE M. WEBER
        Attorney for Plaintiff
        225 Broadway, Suite 1607
        New York, New York 10007
        (212) 748-3355

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008 I caused a true and correct copy of the foregoing Answer to be served by mail upon:

ROSE M. WEBER
Attorney for Plaintiff
225 Broadway, Suite 1607
New York, New York 10007
(212) 748-3355

Dated: Yonkers, New York
      August 4, 2008

RAYMOND P. SCHMIDT
Assistant Corporation Counsel